BRUCE HARLAND, Bar No. 230477
courtnotices@unioncounsel.net
MONICA T. GUIZAR, Bar No. 202480
lacourtnotices@unioncounsel.net
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA 90010
Tel (213) 380-2344
Fax (213) 318-1088

Attorneys for Defendant SEIU
  United Healthcare Workers-West

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

ED CV 11 - 00998 VAP (DTBx)

| | |
|---|---|
| BRENDA DALLY, | Case No. |
| Plaintiff, | [Superior Court Case No. INC 1102320] |
| v. | **NOTICE OF REMOVAL OF CIVIL ACTION** |
| JFK MEMORIAL HOSPITAL, AN AFFILIATE OR CORPORATE SUBSIDIARY OF TENET CALIFORNIA—A BUSINESS ENTITY OF UNKNOW FORM, WILLIAM LYLES, UNITED HOSPITAL WORKERS UNION, AND DOES 1 THROUGH 100 INCLUSIVE, | |
| Defendant. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, Service Employees International Union, United Healthcare Workers-West (hereinafter "SEIU, UHW"), hereby removes to this Court the state court action described below.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
3435 Wilshire Boulevard Ste. 620
Los Angeles, CA 90010-1901
(213) 380-2344

Notice of Removal of Civil Action
Case No. INC 1102320

1.     On March 18, 2011, an action was commenced in the Superior Court of the State of California in and for the County of Riverside, entitled *Brenda Dally, Plaintiff, vs. JFK Memorial Hospital, an affiliated for corporate subsidiary of Tenet California—a business entity of unknown form, William Lyles, United Hospital Workers Union, and Does 1 through 100 inclusive, Defendants*, as case number *INC 1102320*, attached hereto as Exhibit A.

2.     Defendant, SEIU UHW, was properly served with the complaint on June 28, 2011.  A copy of the summons is attached hereto as Exhibit B.  A copy of the Notice and Acknowledgement is attached herein as Exhibit C.

3.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant, SEIU UHW, pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and Section 9(a) of the National Labor Relations Act 29 U.S.C. § 159(a).

4.     At all times material herein, Defendant SEIU UHW was a "Labor Organization" within the meaning of 29 U.S.C. § 152(5) and 29 U.S.C. § 402(r). The activities of this Defendant affect interstate commerce.

5.     At all times material herein, there was a collective bargaining agreement in effect between JFK Memorial Hospital and SEIU UHW and Plaintiff was an employee covered by the terms and conditions of that contract.

6.     Plaintiff's Complaint in essence alleges that the Defendant SEIU UHW breached its duty to fairly represent the Plaintiff.  Indeed, there is no doubt from the allegations in Plaintiff's Sixth Cause of Action for Negligence that the claim is essentially an allegation that the Union breached its duty of fair representation to the Plaintiff.  The Sixth Cause of Action states: "the UHW union had a contractual duty to protect its members . . . and yet the union failed to take any steps to report [Defendant] LYLES notwithstanding the fact that the Plaintiff made repeated

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3435 Wilshire Boulevard Ste. 620
Los Angeles, CA 90010-1901
(213) 380-2344

complaints to her union about his conduct and commentary." (Complaint ¶ 61.)
Plaintiff's allegations that Defendant SEIU UHW never reported the alleged
incidents of sexual harassment, hostile work environment  and discrimination on the
basis of sex on an unknown date in December 2009 and on February 17, 2010 to her
employer are in essence allegations that the Union breached its duty of fair
representation. (Complaint ¶¶ 4, 10, 11.)  It is well established that the Union's duty
of fairly represent its members derives from the collective bargaining agreement.   A
suit, which alleges the employer's breach of the collective bargaining agreement
and/or the Union's breach of the duty of fair representation, is a suit for violation of
the contract between an employer and a labor organization.  Therefore, this Court
has original jurisdiction under § 301 of the Labor Management Relations Act, 29
U.S.C. § 185, and Section 9(a) of the National Labor Relations Act, 29 U.S.C. §
159(a).  Vaca v. Sipes, 386 U.S. 171, 184-84 (1967); Airline Pilots v. O'Neal, 499
U.S. 65, 67 (1991); Alvarez v. Mireles, 526 F.3d 531 (9th Cir. 2008); Madison v.
Painters & Sign Writers Local 729, 132 F. Supp. 2d 1244 (C.D. Cal. 2000);
Evangelista v. Inland Boatmen's Union, 777 F.2d 1390 (9th Cir. 1985).

       7.    Defendant SEIU UHW is entitled to remove this action to this Court
pursuant to 28 U.S.C. § 1441.

       8.    The Superior Court for the County of Riverside is located in the Central
District – Eastern Division and therefore this Court is the proper court for the
removal of this action.

///

///

///

///

///

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3435 Wilshire Boulevard Ste. 620
Los Angeles, CA 90010-1901
(213) 380-2344

Notice of Removal of Civil Action
Case No. INC 1102320

1       9.    All other defendants who have been served with Summons and

2   Complaint have consented to this Notice of Removal, as evidenced by the Non-

3   Opposition of Defendant JFK Memorial Hospital, filed concurrently herewith as

4   Exhibit D.

5       Dated this 28th day of June, 2011.

6                         Respectfully submitted,

7                         WEINBERG, ROGER & ROSENFELD

8

9                By:_____

10                    MONICA GUIZAR
                     Attorney for SEIU, UHW-West

11

12      Undersigned counsel hereby certifies under Fed. R. Civ. P. 11 that the

13  foregoing contained in this notice of removal is true and correct to the best of my

14  knowledge.

15

16               By:_____
                     MONICA GUIZAR

17                   Attorney for SEIU, UHW-West

18

19

20

21  125277/626312

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3435 Wilshire Boulevard Ste. 620
Los Angeles, CA 90010-1901
(213) 380-2344

Notice of Removal of Civil Action
Case No. INC 1102320

**EXHIBIT A**

1    ALAN K. NICOLETTE, ESQ. SBN: 118038
     *NORDSTROM, STEELE, NICOLETTE AND BLYTHE*
2    17542 E. 17th Street, Suite 250
     Tustin, California 92780-1960
3    Telephone:     (714)750-1010
     Facsimile:     (714) 750-0786
4

5    NANCY P. DOUMANIAN, ESQ., SBN: 168925
     *DOUMANIAN & ASSOCIATES*
6    500 North Brand Boulevard, Suite 1660
     Glendale, California 91203
7    Telephone:     (818) 500-7010
     Facsimile:     (818) 500-7011
8

9    Attorneys for Plaintiff, BRENDA DALLY

10

11

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13          **FOR THE COUNTY OF RIVERSIDE – INDIO BRANCH COURT**

14

15   BRENDA DALLY,                        CASE NO. INC **1102320**

16              Plaintiff,                **COMPLAINT FOR DAMAGES**

17        v.                              (1)   Quid Pro Quo Sexual Harassment in
                                                Violation of Fair Employment &
18   JFK MEMORIAL HOSPITAL, AN                  Housing Act [*Government Code
     AFFILIATE OR CORPORATE                     §12940(j)* et seq.];
19   SUBSIDIARY OF TENET CALIFORNIA --    (2)   Hostile Work Environment
     A BUSINESS ENTITY OF UNKNOWN               Harassment in Violation of Fair
20   FORM, WILLIAM LYLES, UNITED               Employment & Housing Act
     HOSPITAL WORKERS UNION, AND                [*Government Code §12940 et seq.*]
21   DOES 1 THROUGH 100 INCLUSIVE,        (3)   Discrimination on the Basis of Sex and

22

23

24

25

26

27

28

_____
                        **COMPLAINT FOR DAMAGES**

Defendants.

Gender in Violation of Fair Employment & Housing Act [*Government Code §12940 et seq.*]
(4)  Constructive Discharge of Employment in Violation of Public Policy;
(5)  Retaliation;
(6)  Negligence;
(7)  Negligent Hiring, Training, Retention and Supervision;
(8)  Negligent Infliction of Emotional Distress;
(9)  Intentional Infliction of Emotional Distress; and
(10) Negligence Per Se Based on Violation Statutory/Mandatory Duty Under Penal Code Section 11160 for Mandatory Reporting for Health Care Providers of Assaultive or Abusive Conduct

*[DEMAND FOR JURY TRIAL]*

COMES NOW Plaintiff *BRENDA DALLY* and for her causes of action against Defendants *JKF MEMORIAL HOSPITAL AN AFFILIATE OR CORPORATE SUBSIDIARY OF TENET CALIFORNIA OR TENET HEALTHCARE CORPORATION, WILLIAM LYLE, UNITED HOSPITAL WORKERS UNION, AND DOES 1 THROUGH 100 INCLUSIVE,* states as follows:

### *GENERAL ALLEGATIONS*

1.      Plaintiff BRENDA DALLY, a 54 year old female, [hereinafter "DALLY"] is and at all times alleged herein was an individual residing in the County of Riverside, State of California.  Plaintiff sues fictitious Defendants **DOES 1 through 100**, inclusive pursuant to *California Code of Civil Procedure* § 474, because their names and/or capacities are not presently known.  Plaintiff will amend the Complaint when such facts become known.  Plaintiff is informed and believes and based thereon, alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's damages were legally and/or proximately caused thereby.  Moreover, the acts committed by **EMPLOYER** as described herein were duly authorized and directed by its officers, directors and managing agents.  Additionally, **EMPLOYER** participated in the acts of its employees and

- 2 -

1 managing agents as described herein, and ratified and accepted the benefits of such wrongful
2 acts.

3     2.     At all times mentioned herein, referenced, Defendant, *JFK MEMORIAL*
4 *HOSPTIAL,* was and is a business entity of unknown form but is believed to be a California
5 Corporation [hereinafter referred to as **"EMPLOYER" or "JFK"**], and operates a 158-bed
6 hospital and medical facility located at 47111 Monroe Street, Indio, California 92201. Said
7 defendant provides acute care, emergency room services, orthopedic services, cardiovascular
8 services, maternity care, pediatric care, ambulatory surgery center services, imaging services and
9 outpatient rehabilitation services to residents in the Coachella Valley. JFK is a corporate affiliate
10 or other subsidiary of **TENET CALIFORNIA** or **TENET HOSPITAL CORPORATION** and
11 has been providing medical care to residents of the Coachella Valley since 1966. At all times
12 relevant, this defendant was plaintiff's **EMPLOYER** and was the **EMPLOYER** of all managers
13 and supervisors or other managing agents who supervised plaintiff as further identified herein.
14 Plaintiff further alleges that this defendant was the corporate parent or other affiliate of the other
15 defendants and set the management, employment, personnel and labor policies to be
16 implemented by the other defendants, and also obtained monetary profit or gain from the
17 business operations of the other defendants in this action. Plaintiff further alleges that this
18 defendant was the corporate parent or other affiliate of the other defendants and set the
19 management, employment, personnel and labor policies to be implemented by the other
20 defendants, and also obtained monetary profit or gain from the business operations of the other
21 defendants in this action. Plaintiff alleges that said entity was a mandated reporter under
22 California Penal Code Section 11160.

23     3.     At all times herein referenced, Defendant **WILLIAM "WILL" LYLES**
24 [hereinafter referred to as "LYLES" or "LYLE"] was a resident of the County of Riverside,
25 State of California, and was employed in a managerial or supervisory of capacity with
26 Defendants JFK. Plaintiff alleges that LYLES was her supervisor and was vested with the
27 discretion and authority (a) to hire, transfer, promote, assign, reward and discipline or discharge
28 the plaintiff and other employees, or effectively to recommend any of these actions; (b) to act on

- 3 -
COMPLAINT FOR DAMAGES

1    grievances of other employees or effectively to recommend action on grievances; (c) to direct the

2    plaintiff's daily work activities including but not limited to the days worked, hours worked and

3    work assignments.   Plaintiff is informed and believes and based thereon contends that this

4    defendant had a history of sexual assaults and improper sexual proclivities towards female

5    subordinates in the work place both at JFK and at other places of employment.   Plaintiff is

6    further informed and believes and based thereon contends that said defendant harassed and

7    discriminated against the plaintiff on the basis of her gender, and that he harassed and

8    discriminated against other female subordinates at JFK at all times during the term of plaintiff's

9    employment.   Plaintiff further alleges that said defendant did not treat male employees or

10   subordinates in the offensive manner in which he interacted with female employees and

11   subordinates at JFK.

12          4.          At all times referenced herein, **UNITED HOSPITALS WORKERS**

13   **UNION** [hereinafter "UHW" or "UHWU"] was the labor union for hospital employees of the

14   defendant hospital, including the plaintiff, and was a mandated reporter under California Penal

15   Code Section 11160.   Plaintiff is further informed that STEVE HAAS was an employee of JFK

16   and was also the union representative of the **UNITED HOSPITAL WORKERS UNION.**

17   **HAAS** was the union representative for the plaintiff.   Plaintiff reported the incidents with

18   **LYLES,** and as further described herein, to **HAAS** who assured plaintiff that "it would be taken

19   care of" and that the union would report the incidents on plaintiff's behalf to JFK management.

20   **HAAS** offered repeated assurances to plaintiff that she would be safe and that her job would not

21   be at risk if she came forward about **LYLES.**

22          5.          At all times relevant, defendant **EMPLOYER** is an entity subject to suit

23   under the *California Fair Employment and Housing Act-- Government Code § 12900, et. seq.,* in

24   that it regularly employs five or more persons.

25          6.          Plaintiff properly and timely complied with the requirements of the *Fair*

26   *Employment and Housing Act [F.E.H.A.]* and properly and timely exhausted her administrative

27   remedies against the named defendants prior to the filing of this civil action.

28

- 4 -

COMPLAINT FOR DAMAGES

1

2                                    ***FACTUAL BACKGROUND***

3          7.          **DALLY** was first hired by **EMPLOYER** as a respiratory therapist on or

4   about APRIL 2009 and was constructively terminated from her employment in or about MAY

5   2010.  Plaintiff has over twenty years of work experience as a respiratory therapist.  During the

6   period of plaintiff's employment history with **EMPLOYER,** she had an outstanding

7   performance record as reflected by praise and compliments she received from managers,

8   supervisors and patients concerning her work ethic and her work abilities.

9          8.          During her employment with JFK, the plaintiff had never received any verbal

10  or written reprimands, suspensions or other discipline for any matter related to her job at any

11  time prior to her reporting the conduct of LYLES as further described herein.

12         9.          The plaintiff was employed as a respiratory therapist with JFK Memorial

13  Hospital earning approximately $35.00 per hour.  She worked on a full time basis during three

14  12-hour shifts per work week.  Shortly following plaintiff's hiring in or about **JULY 2009,**

15  **WILLIAM "WILL" LYLES** became her supervisor and he set the plaintiff's work schedule

16  and controlled the dates, times and hours that plaintiff worked.  During the period of plaintiff's

17  employment and up through approximately **MARCH 2010,** the plaintiff was subjected to

18  improper, unwelcome and sexually offensive conduct and commentary by her supervisor

19  **LYLES.**  During this time frame, plaintiff was repeatedly subjected to daily staring, leering,

20  phone calls, work pages summoning plaintiff to his office or wanting to otherwise speak with her

21  for no legitimate business purpose, sexual propositions, and other sexually offensive conduct and

22  commentary by **LYLES.**  **LYLES** would often and repeatedly ask the plaintiff out, ask to come

23  to plaintiff's home and ask the plaintiff to meet him at a motel and have sex with him.  Plaintiff

24  declined the defendant's sexual advances and propositioning and never consented to any of his

25  conduct or commentary.

26         10.         On or about **DECEMBER 2009,** the plaintiff was instructed by her

27  supervisor **LYLES** to come into his office, which was formerly a small patient room that had

28  been converted into an office for **LYLE's** exclusive use.  **LYLES** informed the plaintiff that he

- 5 -
COMPLAINT FOR DAMAGES

1 needed to review her work hours and the master work schedule with her. Once inside, **LYLES**
2 locked the office door and forced plaintiff into the bathroom of this converted office. There, he
3 pushed the plaintiff to the floor, put his hand over her mouth and told her to "shush". **LYLES**
4 exposed his penis to the plaintiff and said words to the effect of "see what you do to me"
5 referencing his erect penis. **LYLES** then forced the plaintiff to stroke his exposed penis.
6 **LYLES** then proceeded to tear off plaintiff's clothing and raped her. Plaintiff repeatedly told
7 him to stop to no avail. **LYLES** had a towel with him and then wiped the plaintiff and then
8 wiped himself of his bodily fluids. He then pulled up his pants and walked out of the bathroom
9 area leaving plaintiff behind, when he heard someone attempting to enter the converted office.
10 Before plaintiff left the area, **LYLES** threatened to reduce her work hours and/or to fire her if
11 she reported his conduct to anyone. Given fear for her safety and fear of retaliation, the plaintiff
12 did not report this incident directly to her employer. However, she did report the incident to her
13 union representative **STEVE HAAS** believing that her union would protect her and relying on
14 **HAAS'** assurances that the union would report the matter to JFK on the plaintiff's behalf.
15 Plaintiff is informed that the union never reported this incident to anyone at JFK. Between
16 **DECEMBER 2009** and **FEBRUARY 2010**, plaintiff continued to be repeatedly subjected to
17 daily staring, leering, phone calls, sexual propositions, and other sexually offensive conduct and
18 commentary by **LYLES**.

19          11.          On or about **FEBRUARY 17, 2010** during her work shift, the plaintiff was
20 instructed by her supervisor **LYLES** to come into his office under the guise of reviewing the
21 plaintiff's work hours and the master work schedule. By this time, **LYLES** was given another
22 office that was formerly his supervisor Gary Harris' office. Once inside, he locked the office
23 door, forcibly pushed the plaintiff onto a desk and raped her. **LYLES** reached for a towel and
24 wiped off his bodily fluids from the plaintiff as well as off of himself. **LYLES** then pulled up
25 his pants, unlocked the office door, and left the office. Before he left his office, **LYLES**
26 threatened the plaintiff and told her that if she "didn't keep quiet about this" she would loose her
27 job. Given fear for her safety and fear of retaliation, the plaintiff did not report this incident
28 directly to her employer the day that it occurred. However, she reported this incident to her

COMPLAINT FOR DAMAGES

1   union representative **STEVE HAAS** believing that her union would protect her and relying on

2   **HAAS'** assurances that the union would report the matter to JFK on the plaintiff's behalf.

3   Plaintiff is informed that the union never reported this incident to anyone at JFK.

4       12.     Following the incidents with **LYLES**, plaintiff learned information that

5   **LYLES** had raped and/or sexually harassed one or more female employees and female

6   subordinates at JFK. Fearing that other women would become victims of this sexual predator,

7   the plaintiff found the courage to report **LYLES** conduct directly to hospital management. By

8   this point in time, the **UHW**, plaintiff's union, and **STEVE HAAS** had not done anything to

9   report **LYLES** to JFK management. What followed was a web of deceit and cover ups by JFK

10  intended to sweep **LYLES'** conduct under the rug. Plaintiff is informed and believes and based

11  thereon contends that JFK never reported **LYLES'** conduct to the police or any prosecuting

12  authority.

13      13.     On **FEBRUARY 23, 2010**, the plaintiff found the courage and strength to

14  report **LYLES's** conduct to JO ANNE SUECHS, an Employee Relations Specialist with JFK.

15  Plaintiff believed that Ms. Suechs was the human resources representative for JFK. By this point

16  in time, plaintiff learned that **LYLES** had sexually assaulted and/or harassed other female

17  subordinates and she felt that she should come forward to prevent other women from becoming

18  victims to this sexual predator. The plaintiff attended a meeting with JO ANNE SUECHS, at

19  which STEPHEN HAAS [UHW Representative] and LESLIE JUZEK [JFK Risk

20  Manager/Patient Safety Officer] were also present. At this meeting, plaintiff relayed the details

21  of the brutal sexual assaults and ongoing harassment and discrimination perpetrated upon her by

22  **LYLES**. The plaintiff and other women present at the meeting were crying and it was a very

23  emotional experience. Subsequent to this meeting, plaintiff received a letter from JFK

24  confirming that she had reported a knee injury but this letter made no mention of the plaintiff's

25  report of **LYLES'** conduct.

26      14.     Plaintiff did not receive any response or other information from JFK or its

27  management regarding her complaints about LYLES. Therefore, on or about **MARCH 5, 2010**,

28  plaintiff reported LYLES' brutal sexual assaults and harassment to the Indio Police Department.

COMPLAINT FOR DAMAGES

1  Plaintiff also turned over to police her underwear from the encounter with **LYLES** and was told

2  that DNA tests would be conducted.  Plaintiff is informed and believes that the matter remains

3  under investigation by local law enforcement.

4        15.      On or about **MARCH 5, 2010**, plaintiff was interviewed by persons

5  identified as MICHAEL TURNER and BILL PETERSON about her allegations against **LYLES**.

6  The police accompanied the plaintiff to this meeting.  The plaintiff was never informed that

7  MICHAEL TURNER was an attorney for JFK and instead he called her and represented to her

8  that he was a "counselor" with whom she could freely speak about the assault.  Plaintiff is

9  informed and believes that this meeting was tape recorded without the plaintiff's knowledge or

10  consent. Plaintiff further alleges that when MICHAEL TURNER initially contacted her to set up

11  the meeting, he never informed her that he was an attorney or that he was an attorney working on

12  behalf of JFK and/or TENET.  The ruse under which plaintiff was deceived into attending this

13  meeting was that it concerned questions about an industrial injury she had sustained to her knee

14  or lower extremity.  This meeting was over five hours in duration and plaintiff was asked highly

15  intrusive questions about the details of the harassment and brutal sexual assaults by **LYLES,** as

16  well as highly intrusive questions about plaintiff's personal sexual history.  Plaintiff was made to

17  feel like she had invited such mistreatment and abuse by **LYLES** and JFK through its

18  management.  Plaintiff felt that she was once again being victimized by her employer.

19  Subsequently on **MARCH 11, 2010**, plaintiff received a letter from Bill Peterson, Director of

20  Human Resources, with JFK which stated "the information we learned during our investigation

21  provided is with sufficient grounds to remove Mr. Lyles from the workplace."  Plaintiff was

22  never advised of any investigation conducted by JFK and does not believe that any timely or

23  thorough investigation was ever conducted by JFK.  Plaintiff further alleges that **LYLES** was

24  never disciplined for his inappropriate conduct towards plaintiff and other female employees and

25  subordinates in the workplace.

26        16.      After plaintiff came forward with her complaints to JFK management about

27  **LYLES**, she did not receive any calls for work or work assignments.  Plaintiff made inquiries

28  about work to the hospital's human resources office but never received any response.  She was

COMPLAINT FOR DAMAGES

1  never reassigned to a new supervisor and **LYLES** continued to remain employed with JFK for

2  some time thereafter.

3       17.     Plaintiff further alleges that **LYLES** sexually harassed, assaulted, and

4  directed sexually offensive conduct and commentary to other female employees and his female

5  subordinates at JFK.  Moreover, plaintiff alleges that **LYLES** conditioned their receipt of work

6  assignments and work hours on their submission to his unwanted sexual advances.  Plaintiff

7  further alleges that **LYLES** created a sexually hostile work environment and was permitted to do

8  so by his employer notwithstanding notice to JFK of his sexual proclivities and improper conduct

9  and commentary in the work place.

10

11       ***FIRST CAUSE OF ACTION FOR VIOLATION OF THE CALIFORNIA FAIR***

12       ***EMPLOYMENT AND HOUSING ACT, GOVERNMENT CODE § 12940(j):***

13       ***UNLAWFUL EMPLOYMENT PRACTICE FOR QUID PRO QUO SEXUAL***

14       ***HARASSMENT AGAINST JFK, LYLES AND DOES 1 THROUGH 100 INCLUSIVE.***

15

16       18.     Plaintiff incorporates by reference paragraphs 1 through 17 of the Complaint

17  as though fully set forth herein.

18       19.     Plaintiff alleges that defendant LYLES subjected her to sexual harassment and

19  further alleges that: (1) the plaintiff was an employee of defendant JFK/TENET and was a

20  person providing employment services pursuant to a employment agreement; (2) that LYLES

21  made unwanted sexual advances to her and engaged in other unwanted verbal or physical

22  conduct of a sexual nature; (3) that job benefits were conditioned, by words and by conduct, on

23  plaintiff's acceptance of LYLES' sexual advances or conduct and/or employment decision

24  affecting plaintiff were made based on her acceptance or rejection of LYLES' sexual advances or

25  conduct; (4) that at the time of his conduct, LYLES was a supervisor or agent for the defendant

26  hospital; (5) that plaintiff was harmed physically, emotionally and financially; and (6) that

27  LYLES' conduct was a substantial factor in causing the plaintiff's injury, damages and harm.

28

- 9 -

COMPLAINT FOR DAMAGES

20.     As such, defendants are liable for punitive damages under *Civil Code § 3294* arising from harassment against plaintiff as alleged under *Government Code §§ 12926 and 12940(j)(1).* At all times relevant, said harassment against plaintiff was fraudulent, malicious and oppressive as defined by *Civil Code § 3294.*

21.     The harassment perpetrated upon plaintiff in violation of *Government Code § 12940(j);* was carried out by managerial and supervisory employees of defendants, acting in a despicable, deliberate, cold, callous, and intentional manner in order to humiliate, harm, injure and damage plaintiff. Plaintiff is entitled to recover punitive damages from defendants pursuant to *Civil Code § 3294,* in an amount according to proof at trial.

22.     At all times relevant, defendants were aware of or otherwise ratified the unlawful harassment against plaintiff by management and supervisory personnel as alleged herein, and as carried out by defendants' management, supervisory employees and other managing agents.

23.     As a direct and legal result of the aforesaid acts of defendants, plaintiff has lost and will continue to lose earnings and other benefits, and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to *Civil Code §§ 3287, 3288* and/or any other provision of law providing for prejudgment interest.

24.     As a direct and legal result of the aforesaid acts of defendants, plaintiff has become mentally upset, shocked, severely emotionally distressed, frustrated, embarrassed, fragile, humiliated and aggravated. Plaintiff claims non-economic or general damages for such mental and emotional distress and aggravation in a sum in excess of the jurisdictional minimum of the Superior Court.

25.     Further, and pursuant to *Government Code § 12965(b),* plaintiff is entitled to and requests reasonable attorneys fees and all recoverable costs according to law.

- 10 -

COMPLAINT FOR DAMAGES

***SECOND CAUSE OF ACTION FOR VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, GOVERNMENT CODE § 12940(A): UNLAWFUL EMPLOYMENT PRACTICE FOR HOSTILE ENVIRONMENT SEXUAL HARASSMENT AGAINST ALL DEFENDANTS.***

26.     Plaintiff incorporates by reference paragraphs 1 through 25 of the Complaint as though fully set forth herein.

27.     Plaintiff alleges that she was subjected to harassment based on her sex and gender at JFK, causing a hostile or abusive work environment. Plaintiff further alleges that: (1) the plaintiff was an employee of defendant JFK/TENET and was a person providing employment services to JFK; (2) that plaintiff was subjected to unwanted harassing conduct on the basis of her sex or gender; (3) that the harassing conduct was severe and pervasive; (4) that a reasonable woman in the plaintiff's circumstances would have considered the work environment to be hostile or abusive; (5) that the plaintiff considered the work environment to be hostile or abusive; (6) that LYLES who was plaintiff's supervisor engaged in the conduct and/or that JFK or its supervisors or management knew or should have known of the conduct and failed to take immediate and appropriate corrective action; (7) that plaintiff was harmed physically, emotionally and financially; and (8) that the defendant's conduct was a substantial factor in causing the plaintiff's injury, damages and harm.

28.     As such, defendants are liable for punitive damages under *Civil Code § 3294* arising from harassment against plaintiff as alleged under *Government Code §§ 12926 and 12940(j)(1).* At all times relevant, said harassment against plaintiff was fraudulent, malicious and oppressive as defined by *Civil Code § 3294.*

29.     In the event this Court finds that defendants are the sole and true employer entity, then said defendants are liable for punitive damages under *Civil Code § 3294,* for the harassment against plaintiff in violation of *Government Code § 12940(a).*

- 11 -

30. The harassment perpetrated upon plaintiff in violation of *Government Code § 12940(j);* was carried out by managerial and supervisory employees of defendants, acting in a despicable, deliberate, cold, callous, and intentional manner in order to humiliate, harm, injure and damage plaintiff. Plaintiff is entitled to recover punitive damages from defendants pursuant to *Civil Code § 3294*, in an amount according to proof at trial.

31. At all times relevant, defendants were aware of or otherwise ratified the unlawful discrimination on the basis of age against plaintiff by management and supervisory personnel as alleged herein, and as carried out by defendants' management, supervisory employees and other managing agents.

32. As a direct and legal result of the aforesaid acts of defendants, plaintiff has lost and will continue to lose earnings and other benefits, and has suffered and or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to *Civil Code §§ 3287, 3288* and/or any other provision of law providing for prejudgment interest.

33. As a direct and legal result of the aforesaid acts of defendants, plaintiff has become mentally upset, shocked, severely emotionally distressed, frustrated, embarrassed, fragile, humiliated and aggravated. Plaintiff claims non-economic or general damages for such mental and emotional distress and aggravation in a sum in excess of the jurisdictional minimum of the Superior Court.

34. Further, and pursuant to *Government Code § 12965(b)*, plaintiff is entitled to and requests reasonable attorneys fees and all recoverable costs according to law.

- 12 -

COMPLAINT FOR DAMAGES

***THIRD CAUSE OF ACTION FOR VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, GOVERNMENT CODE § 12940(A): UNLAWFUL EMPLOYMENT PRACTICE FOR DISCRIMINATION ON THE BASIS OF SEX AND GENDER AGAINST JFK, UHW AND DOES 1 THROUGH 100 INCLUSIVE.***

35.     Plaintiff incorporates by reference Paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36.     At all times herein mention, *Government Code Sections* 12926 and 12940 et seq., were in full force and effect and binding upon defendants, and each of them.  To this end, Section 12940(a) of the *Government Code* states that "it shall be an unlawful employment practice for an employer, because of sex, to discriminate against the person in compensation or in terms, conditions or privileges of employment."  Moreover, *Government Code Section* 12993(a) confirms that "FEHA declares that it its provisions shall be construed liberally for the accomplishment of the purposes thereof."

37.     The plaintiff claims that defendants wrongfully discriminated against her on the basis of her sex or gender and further alleges as follows:  (1) that defendant JFK was an "employer" under FEHA in that it regularly employed over 100 persons; (2) that the plaintiff was an employee of defendant JFK; (3) that defendant JFK through its supervisor LYLE affected the terms and conditions of plaintiff's employment by conditioning receipt of work hours ad assignment of work days  upon submission to sexual favors and sexual advances by LYLES; (4) that plaintiff's gender or sex were motivating reasons for the reduction in her work hours and work days following her rejection of LYLE's sexually offensive conduct and commentary; (5) that plaintiff was harmed financially, emotionally and physically; (6) that JFK's reduction of plaintiff's work hours and work days was a substantial factor in causing the plaintiff's injury, damages and harm.

- 13 -

38. In so doing, defendants engaged in an unlawful employment practice within the meaning of *Government Code Sections* 12940(a) and 12926 in violation of the California Fair Employment & Housing Act found at *Government Code Section* 12900 et seq..

39. As such, defendants are liable for punitive damages under *Civil Code § 3294* arising from discrimination against plaintiff as alleged under *Government Code §§ 12926 and 12940(j)(1)*. At all times relevant, said discrimination against plaintiff was fraudulent, malicious and oppressive as defined by *Civil Code § 3294*.

40. In the event this Court finds that defendants are the sole and true employer entity, then said defendants are liable for punitive damages under *Civil Code § 3294,* for the discriminatory treatment against plaintiff in violation of *Government Code § 12940(a)*.

41. The discriminatory treatment directed at plaintiff was in violation of *Government Code § 12940(a)* and was carried out by managerial and supervisory employees of defendants, acting in a despicable, deliberate, cold, callous, and intentional manner in order to humiliate, harm, injure and damage plaintiff. Plaintiff is entitled to recover punitive damages from defendants pursuant to *Civil Code § 3294*, in an amount according to proof at trial.

42. At all times relevant, defendants were aware of or otherwise ratified the unlawful discrimination on the basis of sex and gender against plaintiff by management and supervisory personnel as alleged herein, and as carried out by defendants' management, supervisory employees and other managing agents.

43. As a direct and legal result of the aforesaid acts of defendants, plaintiff has lost and will continue to lose earnings and other employment benefits (i.e., medical, dental, health insurance, vision, retirement, pension, 401k, etc.), and has suffered and or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to *Civil Code §§ 3287, 3288* and/or any other provision of law providing for prejudgment interest.

44. As a direct and legal result of the aforesaid acts of defendants, plaintiff has become mentally upset, severely emotionally distressed, frustrated, depressed, embarrassed, fragile, humiliated and aggravated. Plaintiff claims non-economic or general damages for such

- 14 -

COMPLAINT FOR DAMAGES

1  mental and emotional distress and aggravation in a sum in excess of the jurisdictional minimum

2  of the Superior Court.

3      45.      Further, and pursuant to *Government Code § 12965(b)*, plaintiff is entitled to

4  and requests reasonable attorney's fees, and all recoverable costs according to law.

5

6  ***FOURTH CAUSE OF ACTION FOR CONSTRUCTIVE DISCHARGE IN***

7  ***VIOLATION OF PUBLIC POLICY AGAINST DEFENDANT JFK AND DOES 1***

8  ***THROUGH 100 INCLUSIVE.***

9      46.      Plaintiff hereby incorporates by reference the above in this Complaint,

10 Paragraphs 1 through 45, as though fully set forth herein

11     47.      At all times herein mentioned, *California Government Code §12920*, states in

12 pertinent part that: "It is hereby declared as the public policy of this state that it is necessary to

13 protect and safeguard the right and opportunity of all persons to seek, obtain and hold

14 employment without discrimination or abridgement on account of race, religious creed, color,

15 national origin, ancestry, physical disability, mental disability, medical condition, marital status,

16 sex, age or sexual orientation."

17     48.      At all times herein mentioned, *California Government Code §12921(a)*

18 states: "The opportunity to seek, obtain, and hold employment without discrimination because of

19 race, religious creed, color, national origin, ancestry, physical disability, mental disability,

20 medical condition, marital status, sex, age or sexual orientation is hereby recognized as and

21 declared to be a civil right."

22     49.      The plaintiff alleges that she was constructively discharged from employment

23 for reasons that violate public policy.  The plaintiff alleges that: (1) she was employed by

24 defendant JFK; (2) that defendant JFK constructively discharged her by failing and refusing to

25 give her any work days or work assignments after she came forward with her complaints about

26 LYLES and the sexually abusive work environment he created for plaintiff and other women in

27 the work place; (3) that the violation of public policy was a motivating reason for the plaintiff's

28

- 15 -

COMPLAINT FOR DAMAGES

constructive discharge; (4) the constructive discharge caused the plaintiff damage, injury, loss and harm.

50.     The actions of defendants and their responsible managing agents as directed against the plaintiff, as alleged herein, violated in several respects, *Article I, Section 8 of the California Constitution.*  Said violations were substantial and were the legal and/or proximate caused of harm, damage and injury to plaintiff as set forth herein.

51.     Defendant **EMPLOYER,** by and through the actions of its managing agents discriminated against and harassed or otherwise knew of and ratified the discrimination and harassment and the constructive discharge of the plaintiff.

52.     Said discrimination, harassment and constructive termination of plaintiff's employment was a violation of public policy, and violated and abridged plaintiff's opportunity to hold employment without discrimination on the basis of age, and was therefore a violation of her civil rights under *California Government Code §12921(a) and 12940 et seq..*

53.     As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, **PLAINTIFF** suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that have been and/or will foreseeably be experienced by **PLAINTIFF,** all to his damage and detriment, in a sum according to proof at trial.

54.     **PLAINTIFF** is entitled to any and all compensatory and punitive damages recoverable under California law, as well as attorney's fees as provided by statute.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to *Civil Code §§ 3287, 3288* and/or any other provision of law providing for prejudgment interest.

- 16 -

*FIFTH CAUSE OF ACTION FOR RETALIATION AGAINST  ALL DEFENDANTS*
*AND DOES 1-100 INCLUSIVE.*

55.    Plaintiff incorporates by reference Paragraph 1 through 54 of the Complaint, as though fully set forth herein.

56.    *Government Code Section 12940(h)* provides that it is unlawful to retaliate against a person because the person has opposed any practices forbidden under *Government Code Sections 12900 through 12966* or because that person has filed a complaint, testified or assisted in any proceeding under FEHA.

57.    Plaintiff further alleges as follows: (1) that plaintiff came forward and complained to management at JFK about LYLES sexually and physically abusive conduct in the work place and the sexually hostile work environment he created for plaintiff and other women in the work place; (2) that defendant JFK constructively discharged the plaintiff and/or it engaged in conduct that, taken as a whole, materially and adversely affected the terms and conditions of the plaintiff's employment; (3) that plaintiff's coming forward with complaints about LYLES was a motivating reason for defendant's decision to constructively discharge the plaintiff; (4) that the plaintiff was emotionally, physically and financially harmed; (5) that defendant JFK's conduct was a substantial factor in causing the plaintiff injury, damage, loss or harm.

58.    As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, **PLAINTIFF** suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that have been and/or will foreseeably be experienced by **PLAINTIFF**, all to his damage and detriment, in a sum according to proof at trial.

59.    **PLAINTIFF** is entitled to any and all compensatory and punitive damages recoverable under California law, as well as attorney's fees as provided by statute.  Plaintiff

- 17 -
COMPLAINT FOR DAMAGES

1   claims such amounts as damages together with prejudgment interest pursuant to *Civil Code §§*
2   *3287, 3288* and/or any other provision of law providing for prejudgment interest.
3
4   ___SIXTH CAUSE OF ACTION FOR NEGLIGENCE AGAINST ALL DEFENDANTS___
5   ___AND DOES 1 THROUGH 100 INCLUSIVE.___
6       60.    Plaintiff incorporates by reference Paragraphs 1 through 59 of the Complaint, as
7   though fully set forth herein.
8       61.    Plaintiff alleges she was harmed by defendant's negligence.  Plaintiff alleges that
9   the UHW union had a contractual duty to protect its members from offensive conduct and
10  commentary in the work place and yet the union failed to take any steps to report **LYLES**
11  notwithstanding the fact that plaintiff made repeated complaints to her union about his conduct
12  and commentary.   Plaintiff further alleges that (1) said defendants were negligent; (2) that
13  plaintiff was harmed; (3) that the defendants' negligence was a substantial factor in causing the
14  plaintiff's injury, damage, loss or harm.
15      62.    As a direct and legal result of defendant **EMPLOYER's** unlawful employment
16  practices as alleged above, **PLAINTIFF** suffered and continues to suffer economic and non-
17  economic damages to an extent and amount according to proof at the time of trial. Economic
18  damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary
19  increases and income, both past and future. Non-economic damages shall include but are not
20  limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and
21  anguish that have been and/or will foreseeably be experienced by **PLAINTIFF**, all to his
22  damage and detriment, in a sum according to proof at trial.
23
24  ___SEVENTH CAUSE OF ACTION FOR NEGLIGENT HIRING, TRAINING___
25  ___RETENTION AND SUPERVISION AGAINST JFK AND DOES 1 THROUGH 100___
26  ___INCLUSIVE.___
27      63.    Plaintiff incorporates by reference Paragraphs 1 through 62 as though fully set
28  forth herein.

- 18 -

COMPLAINT FOR DAMAGES

64.     The plaintiff alleges that she was harmed by defendant LYLES and that defendant JFK is responsible for that harm because JFK negligently hired, supervised, or retained LYLES. Plaintiff further alleges as follows: (1) that LYLES was unfit or incompetent to perform the work for which he was hired and was unfit to supervise any employee; (2) that JFK knew or should have known that LYLES was unfit or incompetent and that this unfitness or incompetence created a particular risk to plaintiff and other female employees; (3) that LYLE's unfitness or incompetence harmed the plaintiff; (4) that defendant JFK's negligence in hiring, supervising, or retaining LYLES was a substantial factor in causing the plaintiff injury, damage, loss or harm.

65.     Plaintiff is informed and believes and based thereon alleges that JFK failed to properly screen and supervise **LYLES** and that JFK permitted him to act in a supervisory capacity over female subordinates notwithstanding actual or constructive knowledge of his improper conduct and commentary towards female employees and subordinates.     Plaintiff contends that JFK failed to properly check on **LYLES** references prior to his hire and did not take any steps to insure that he was acting appropriately at work towards his female subordinates and other female employees.  As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, **PLAINTIFF** suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that have been and/or will foreseeably be experienced by **PLAINTIFF**, all to his damage and detriment, in a sum according to proof at trial

1

2 ***EIGTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL***

3 ***DISTRESS AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100***

4 ***INCLUSIVE.***

5

6     66.    Plaintiff incorporates by reference Paragraphs 1 through 65 of the Complaint as

7 though fully set forth herein.

8     67.    The plaintiff alleges that LYLE's conduct caused her to suffer serious emotional

9 distress. The plaintiff further alleges that: (1) LYLE was negligent; (2) That plaintiff suffered

10 serious emotional distress; and (3) That LYLE's negligence was a substantial factor in causing

11 the plaintiff's serious emotional distress.

12     68.    Emotional distress includes suffering, shock, anguish, fright, horror, nervousness,

13 grief, anxiety, worry, shock, humiliation, and shame. Serious emotional distress exists if an

14 ordinary, reasonable person would be unable to cope with the situation.

15     69.    As a direct and legal result of defendant **EMPLOYER's** unlawful employment

16 practices as alleged above, **PLAINTIFF** suffered and continues to suffer economic and non-

17 economic damages to an extent and amount according to proof at the time of trial. Economic

18 damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary

19 increases and income, both past and future. Non-economic damages shall include but are not

20 limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and

21 anguish that have been and/or will foreseeably be experienced by **PLAINTIFF**, all to his

22 damage and detriment, in a sum according to proof at trial.

23

24

25

26

27

28

- 20 -

COMPLAINT FOR DAMAGES

### *NINTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100 INCLUSIVE.*

70.     Plaintiff incorporates by reference Paragraphs 1 through 69 as though fully set forth herein

71.     Plaintiff alleges that the acts, omissions to act, and conduct of defendants, as alleged above, and as authorized or subsequently ratified by defendant **EMPLOYER**, caused plaintiff to suffer severe and extreme emotional distress.

72.     At all times relevant, the acts, omissions to act, and conduct of the defendants and each of them, directed towards or in relation to the plaintiff were extreme and outrageous and beyond what is tolerated in a civilized society.

73.     At all times relevant, defendants and each of them, either intended to cause plaintiff emotional distress, or acted with reckless disregard of the probability that plaintiff would suffer emotional distress.

74.     Plaintiff suffered severe emotional distress, and defendants' acts and omissions were a substantial factor in causing plaintiff's damages.

75.     Plaintiff contends that in committing the herein described acts, defendants acted with malice, oppression and with conscious disregard of plaintiff's rights and/or the reckless probability that their conduct would cause plaintiff harm.  Plaintiff is entitled to any and all compensatory and punitive damages recoverable under California law.

76.     As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, **PLAINTIFF** suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and

1  anguish that have been and/or will foreseeably be experienced by **PLAINTIFF**, all to his

2  damage and detriment, in a sum according to proof at trial.

3      77.    **PLAINTIFF** is entitled to any and all compensatory and punitive damages

4  recoverable under California law, as well as attorney's fees as provided by statute.  Plaintiff

5  claims such amounts as damages together with prejudgment interest pursuant to *Civil Code §§*

6  *3287, 3288* and/or any other provision of law providing for prejudgment interest.

7

8      ***TENTH CAUSE OF ACTION FOR NEGLIGENCE PER SE FOR VIOLATION OF***

9      ***PENAL CODE 11160 AGAINST DEFENDANTS JFK HOSPITAL, UNITED***

10     ***HOSPITAL WORKERS UNION AND DOES 1 THROUGH 100 INCLUSIVE.***

11

12     78.    Plaintiff incorporates by reference Paragraphs 1 through 77 of the Complaint as

13  though fully set forth herein.

14     79.    *Penal Code Section 11160* provides, in relevant part, as follows: "any health

15  practitioner employed in a health facility, clinic, physician's office, local or state clinic or other

16  type of facility operated by a local or state public health department who, within the scope of

17  his/her employment provides medical services for a physical condition to a patient whom he or

18  she knows or reasonably suspects is suffering from any wound or other physical injury inflicted

19  upon the person as a result of assaultive or abusive conduct."  This section of the Penal Code

20  defines "assaultive or abusive conduct" to include Rape in violation of *Penal Code Section 261*,

21  Battery in violation of *Penal Code Section 242*, Sexual Battery in violation of *Penal Code*

22  *Section 243.4*, and Sodomy in violation of *Penal Code Section 286*.  This section of the Penal

23  Code further mandates health care practitioners must make reports of such incidents of assaultive

24  or abusive conduct and must promptly report such matters to the local law enforcement agency.

25     80.    The plaintiff contends that defendants violated *Penal Code Section 11160* in

26  failing to disclose the plaintiff's rape and sexual battery when the incidents were reported to

27  them by the plaintiff.  The plaintiff further contends that this violation was a substantial factor in

28  bringing about the plaintiff's injury, damage, loss or harm.

- 22 -

81.     As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, **PLAINTIFF** suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that have been and/or will foreseeably be experienced by **PLAINTIFF**, all to his damage and detriment, in a sum according to proof at trial.

### PRAYER

*WHEREFORE, Plaintiff BRENDA DALLY* seeks judgment against Defendants, and each of them, for:

### *AS TO THE FIRST CAUSE OF ACTION:*

(1)     For compensatory damages including lost wages, lost employee benefits, bonuses, benefits, mental and emotional distress, economic and non-economic damages, and other special and general damages according to proof at trial;

(2)     For an award of punitive damages pursuant to *Code of Civil Procedure* §3294, as against all defendants and as to all causes of action;

(3)     For an award of interest, including prejudgment interest, at the legal rate;

(4)     For an award to Plaintiff of costs of suit incurred herein on all causes of action;

(5)     For an award to Plaintiff of reasonable attorney's fees;

(6)     For an award to Plaintiff of such other and further relief as this Court deems just and proper.

### *AS TO THE SECOND CAUSE OF ACTION:*

(7)     For compensatory damages including lost wages, lost employee benefits, bonuses, benefits, mental and emotional distress, economic and non-economic damages, and other special and general damages according to proof at trial;

1        (8)     For an award of punitive damages pursuant to *Code of Civil Procedure* §3294, as

2  against all defendants and as to all causes of action;

3        (9)     For an award of interest, including prejudgment interest, at the legal rate;

4       (10)    For an award to Plaintiff of costs of suit incurred herein on all causes of action;

5       (11)    For an award to Plaintiff of reasonable attorney's fees;

6       (12)    For an award to Plaintiff of such other and further relief as this Court deems just

7  and proper.

8              ***AS TO THE THIRD CAUSE OF ACTION:***

9       (13)    For compensatory damages including lost wages, lost employee benefits, bonuses,

10  benefits, mental and emotional distress, economic and non-economic damages, and other special

11  and general damages according to proof at trial;

12       (14)    For an award of punitive damages pursuant to *Code of Civil Procedure* §3294, as

13  against all defendants and as to all causes of action;

14       (15)    For an award of interest, including prejudgment interest, at the legal rate;

15       (16)    For an award to Plaintiff of costs of suit incurred herein on all causes of action;

16       (17)    For an award to Plaintiff of reasonable attorney's fees;

17       (18)    For an award to Plaintiff of such other and further relief as this Court deems just

18  and proper.

19             ***AS TO THE FOURTH CAUSE OF ACTION:***

20       (19)    For compensatory damages including lost wages, lost employee benefits, bonuses,

21  benefits, mental and emotional distress, economic and non-economic damages, and other special

22  and general damages according to proof at trial;

23       (20)    For an award of punitive damages pursuant to *Code of Civil Procedure* §3294, as

24  against all defendants and as to all causes of action;

25       (21)    For an award of interest, including prejudgment interest, at the legal rate;

26       (22)    For an award to Plaintiff of costs of suit incurred herein on all causes of action;

27       (23)    For an award to Plaintiff of reasonable attorney's fees;

28

- 24 -

1    (24)    For an award to Plaintiff of such other and further relief as this Court deems just
2  and proper.

3

4              ***AS TO THE FIFTH CAUSE OF ACTION:***

5    (25)    For compensatory damages including lost wages, lost employee benefits, bonuses,
6  benefits, mental and emotional distress, economic and non-economic damages, and other special
7  and general damages according to proof at trial;

8    (26)    For an award of punitive damages pursuant to *Code of Civil Procedure* §3294, as
9  against all defendants and as to all causes of action;

10    (27)    For an award of interest, including prejudgment interest, at the legal rate;

11    (28)    For an award to Plaintiff of costs of suit incurred herein on all causes of action;

12    (29)    For an award to Plaintiff of reasonable attorney's fees;

13    (30)    For an award to Plaintiff of such other and further relief as this Court deems just
14  and proper.

15              ***AS TO THE SIXTH CAUSE OF ACTION:***

16    (31)    For compensatory damages including lost wages, lost employee benefits, bonuses,
17  benefits, mental and emotional distress, economic and non-economic damages, and other special
18  and general damages according to proof at trial;

19    (32)    For an award of interest, including prejudgment interest, at the legal rate;

20    (33)    For an award to Plaintiff of costs of suit incurred herein on all causes of action;

21    (34)    For an award to Plaintiff of such other and further relief as this Court deems just
22  and proper.

23

24

25

26

27

28

- 25 -

### AS TO THE SEVENTH CAUSE OF ACTION:

(35)    For compensatory damages including lost wages, lost employee benefits, bonuses, benefits, mental and emotional distress, economic and non-economic damages, and other special and general damages according to proof at trial;

(36)    For an award of interest, including prejudgment interest, at the legal rate;

(37)    For an award to Plaintiff of costs of suit incurred herein on all causes of action;

(38)    For an award to Plaintiff of such other and further relief as this Court deems just and proper.

### AS TO THE EIGTH CAUSE OF ACTION:

(39)    For compensatory damages including lost wages, lost employee benefits, bonuses, benefits, mental and emotional distress, economic and non-economic damages, and other special and general damages according to proof at trial;

(40)    For an award of punitive damages pursuant to *Code of Civil Procedure* §3294, as against all defendants and as to all causes of action;

(41)    For an award of interest, including prejudgment interest, at the legal rate;

(42)    For an award to Plaintiff of costs of suit incurred herein on all causes of action;

(43)    For an award to Plaintiff of such other and further relief as this Court deems just and proper.

### AS TO THE NINTH CAUSE OF ACTION:

(44)    For compensatory damages including lost wages, lost employee benefits, bonuses, benefits, mental and emotional distress, economic and non-economic damages, and other special and general damages according to proof at trial;

(45)    For an award of punitive damages pursuant to *Code of Civil Procedure* §3294, as against all defendants and as to all causes of action;

(46)    For an award of interest, including prejudgment interest, at the legal rate;

(47)    For an award to Plaintiff of costs of suit incurred herein on all causes of action;

COMPLAINT FOR DAMAGES

1        (48)    For an award to Plaintiff of reasonable attorney's fees;

2    For an award to Plaintiff of such other and further relief as this Court deems just and proper

3

4                  ***AS TO THE TENTH CAUSE OF ACTION:***

5        (49)    For compensatory damages including lost wages, lost employee benefits, bonuses,

6    benefits, mental and emotional distress, economic and non-economic damages, and other special

7    and general damages according to proof at trial;

8        (50)    For an award of interest, including prejudgment interest, at the legal rate;

9        (51)    For an award to Plaintiff of costs of suit incurred herein on all causes of action;

10        (52)    For an award to Plaintiff of such other and further relief as this Court deems just

11    and proper.

12

13

14    DATED:  March 18, 2011                    *DOUMANIAN & ASSOCIATES*

15

16

17                           By:

18                             NANCY P. DOUMANIAN, ESQ.
                                ALAN K. NICOLETTE, ESQ
                                Attorneys for Plaintiff,

19                           BRENDA DALLY

20

21

22

23

24

25

26

27

28

- 27 -

COMPLAINT FOR DAMAGES

**EXHIBIT B**

Mar 18 2011 2:25PM                                  8185468787                     P.3

2011-MAR-18  02:00PM    FROM-Nordstad Steele Nicolette & Blythe    714 760 0786    T-877  P.004/007  F-369

MAR 21 2011

---

**SUMMONS**
*(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** JFK MEMORIAL HOSPITAL, AN
*(AVISO AL DEMANDADO):* AFFILIATE OF CORPORATE SUBSIDIARY
OF TENET CALIFORNIA –A BUSINESS ENTITY OF UNKNOWN
FORM, WILLIAM LYLES, UNITED HOSPITAL WORKERS UNION,
AND DOES 1 THROUGH 100 INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:** BRENDA DALLY
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 21 2011

Y. Dominguez

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Riverside County Superior Court<br>46-200 Oasis Street<br>Indio, CA 92201<br>INDIO COURT | CASE NUMBER:<br>*(Número del Caso):*<br>**INC 1102320** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nancy P. Doumanian, Esq. SBN: 168925           [818] 500-7010
DOUMANIAN & ASSOCIATES
500 North Brand Boulevard, Suite 1660
Glendale, CA 91203

| DATE: 03/21/2011 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

For proof of service of this summons, use Proof of Service of Summons (form POS-010).
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [X] on behalf of (specify): UNITED ~~HOSPITAL~~ WORKERS UNION HEALTHCARE
   under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

SEIU - UHW
MAY 9 2011
SEC. A

**EXHIBIT C**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| NANCY P. DOUMANIAN, ESQ., SBN #168925<br>DOUMANIAN & ASSOCIATES<br>500 NORTH BRAND BOULEVARD<br>SUITE 1660<br>GLENDALE, CALIFORNIA 91203<br>TELEPHONE NO.: (818) 500-7010    FAX NO. *(Optional):*    (818) 500-7011<br>E-MAIL ADDRESS *(Optional):* assistant@doumanianlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Brenda Dally | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 46-200 Oasis Street
MAILING ADDRESS: ********************************
CITY AND ZIP CODE: Indio, CA  92201
BRANCH NAME: INDIO COURT

PLAINTIFF/PETITIONER: BRENDA DALLY

DEFENDANT/RESPONDENT: JFK MEMORIAL HOSPITAL, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>INC1102320 |
|---|---|

TO *(Insert name of party being served):* Service Employees International United, United Healthcare Workers-West

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 9, 2011

Rochelle M. Parra                                        ▶
(TYPE OR PRINT NAME)                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other: *(specify):* Summons & Complaint, Civil Case Cover Sheet, Amendment to Complaint, Notice of Assignment to Department and Certificate of Counsel.

*(To be completed by recipient):*
Date this form is signed: 6/28/2011

Monica Guizar
SEIU, United Healthcare Workers-West
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

Monica Guizar, Attorney
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

**EXHIBIT D**

1   AMY WINTERSHEIMER FINDLEY(BAR NO. 163074)
    MARLENE M. MOFFITT (BAR NO. 223658)
2   ALLEN MATKINS LECK
      GAMBLE MALLORY & NATSIS LLP
3   501 West Broadway, 15th Floor
    San Diego, CA 92101-3541
4   Tel (619) 233-1155
    Fax (619) 233-1158
5   Email: awintersheimer@allenmatkins.com

6   Attorneys for Defendant
    JFK MEMORIAL HOSPITAL, INC.

7

8

9                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               FOR THE COUNTY OF RIVERSIDE – INDIO BRANCH COURT

11

12  BRENDA DALLY,                        )  Case No.  INC 1102320
                                         )
13               Plaintiff,              )
                                         )  **NON-OPPOSITION TO NOTICE OF**
14       v.                              )  **REMOVAL**
                                         )
15  JFK MEMORIAL HOSPITAL, AN            )
    AFFILIATE OR CORPORATE SUBSIDARY     )
16  OF TENET CALIFORNIA--A BUSINESS      )
    ENTITY OF UNKNOWN FORM, WILLIAM      )
17  LYLES, UNITED HOSPITAL WORKERS       )
    UNION, AND DOES 1 THROUGH 100        )
18  INCLUSIVE,                           )
                                         )
19               Defendants.             )
                                         )
20  _____

21       Without waiving any of its rights or any procedural or substantive defenses, including but

22  not limited to the right to bring a motion to compel arbitration, Defendant JFK MEMORIAL

23  HOSPITAL, INC. hereby does not oppose Defendant United Healthcare Workers Union's Notice

24  of Removal of the above-captioned action to federal court pursuant to 28 U.S.C. § 1446.

25  Dated: June 27, 2011              ALLEN MATKINS LECK GAMBLE
                                        MALLORY & NATSIS LLP
26

27                                   By: 
                                        AMY WINTERSHEIMER FINDLEY
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 998 VAP (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| BRENDA DALLY | JFK MEMORIAL HOSPITAL, et al. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Nancy P. Doumanian, Esq.  (818) 5007010<br>Doumanian & Associates<br>500 No. Brand Ave., #1660, Glendale, CA 91203 | Monica Guizar, Esq. (Attorney for Defendant SEIU UHW-W erroneously sued as United Hospital Workers)<br>WEINBERG, ROGER & ROSENFELD<br>3435 Wilshire Blvd. Ste. 620, Los Angeles, CA 90010 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only** (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No       ☑ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Section 301 of the LMRA, Sexual Harassment, Discrimination, etc...

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☑ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☑ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

ED CV 11 - 00998 VAP (DTBx)

**FOR OFFICE USE ONLY:**   Case Number: _____

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

JUN 28 2011

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☒  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Riverside | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☒  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Riverside | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Riverside | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date 6/28/2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |